UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DESHANNON LAMAR GRADY, SR.,

Plaintiff,

v.   CAUSE NO. 3:23-CV-398-DRL-MGG

ST. JOSEPH COUNTY JAIL,

Defendant.

OPINION AND ORDER

Deshannon Lamar Grady, Sr., a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Grady alleges he was denied medical care while incarcerated at the St. Joseph County Jail. Specifically, he claims that he was arrested on March 19, 2023, and taken to the emergency room for a "very brief stay." ECF 1 at 2. He was then transported to the St. Joseph County Jail. Upon arrival, he asked for Tylenol due to pain in his head and

neck related to a previous collar bone injury. An officer told him he would be assessed by a nurse after intake was completed. Instead, he was sent to a holding cell. The next day, he spoke with a doctor briefly via video. On March 24, 2023, his symptoms became worse, so he asked for his medication. It isn't clear whether he subsequently received the medication.[1] Approximately two months later, jail staff asked Mr. Grady if he would like to see a nurse. Mr. Grady indicates he told them, "I'm not trusting that." *Id*. at 3. It isn't clear if Mr. Grady refused that visit or whether he was eventually seen. He indicates he is having mental issues, problems sleeping, pain in his legs, and headaches. He says he is going to tell his parents he is "*[a]bout* to ask for meds once again." *Id*. at 4 (emphasis added). He has sued the St. Joseph County Jail. It isn't clear what relief he is seeking because he wrote "N/A" next to the question on the complaint form that asks what he wants the court to do. *Id*. at 6. However, in the body of the complaint he says he "just want[s] my innocence back" and that it's "not about the money." *Id*. at 4.

As an initial matter, Mr. Grady hasn't sued a proper defendant. The St. Joseph County Jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law).

Even assuming he had named a viable defendant, he hasn't stated any plausible claims. Mr. Grady alleges the events occurred while he was "confined awaiting

---

[1] Later in the complaint he states, "[T]o be honest, I don't want meds till I'm released cause nurses give inmates wrong meds all the time I seen it." ECF 1 at 4.

sentencing." ECF 1 at 6. For purposes of this order, the court will presume his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It isn't enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "[N]egligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. Moreover, prisoners are "not entitled to demand specific care," *Walker v. Wexford*

3

*Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, the complaint is short on facts, dates, and specifics about the medical treatment he has received. Based on what it does say—particularly with regard to his distrust of medical staff leading to possible refusal of care and medication, along with an indication that he is going to, but has not yet, asked for additional medication—it is not plausible to infer that he is not receiving constitutionally adequate medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, Mr. Grady may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Deshannon Lamar Grady, Sr. until **September 20, 2023**, to file an amended complaint; and

(2) CAUTIONS Deshannon Lamar Grady, Sr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 17, 2023         *s/ Damon R. Leichty*
                        Judge, United States District Court