UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DESHANNON LAMAR GRADY, SR.,

    Plaintiff,

        v.                               CAUSE NO. 3:23-CV-398-DRL-MGG

JANE DOE, WELLPATH MEDICAL
STAFF *et al.*,

    Defendant.

OPINION AND ORDER

Deshannon Lamar Grady, Sr., a prisoner without a lawyer, filed an amended complaint because the court determined his original complaint failed to state any claims. *See* ECF 8 & ECF 12. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Grady alleges he was denied medical care while incarcerated at the St. Joseph County Jail. Specifically, he claims he was arrested on March 19, 2023, and that he began

asking "Jane Doe Medical Staff (Wellpath)" for "psyche medicine" on March 25, 2023. ECF 12 at 2. She told him he would have to go though the facility's protocol to get put on a list to see an outside psychiatrist before he could be given any psychotropic medication. Mr. Grady acknowledged his understanding of the process, and he continued to follow-up with the medical staff by filing medical slips every other day. Sometime in April, he was given antibiotics and received an injection for a urinary tract infection. On May 22, 2023, he received the requested psychiatric medication. Prior to receiving the medication, Mr. Grady says he was suffering from PTSD, anxiety attacks, paranoid thoughts, and delusions. As of the time he filed his amended complaint, Mr. Grady describes himself as "stable[]" but noted that he needed to get unspecified "further medical treatment" in the future. *Id*. at 3. He also clarified that he "doesn't cause no behavioral problems or any type of problems despite his problems he has going on mentally." *Id*. He has sued three "Jane Doe Wellpath Medical Staff" defendants for monetary damages.[1]

Mr. Grady alleges the events occurred while he was "confined awaiting trial." *Id*. at 4. For purposes of this order, the court will presume his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act

---

[1] He also asks the court to suspend the defendants "without pay but still let them continue to work to support their family." ECF 12 at 4.

2

> concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "[N]egligent conduct does not offend the Due Process Clause," so allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. Moreover, prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here—as with his last complaint—the amended complaint fails to state a claim. He describes only one particular interaction with one Jane Doe defendant near the start of his incarceration period, wherein he asked her for psychotropic medication, and she explained the protocols he would have to follow to receive it. He doesn't allege he followed up with her or even saw her again; rather, he refers generally to medical slips

that he submitted to the Wellpath staff as a whole. Based on this single interaction with a Jane Doe defendant, it is not plausible to infer Mr. Grady is not receiving constitutionally adequate medical care, particularly because he admits he received the psychotropic medication within two months and received medical care for other issues in the interim. Moreover, to the extent he is attempting to sue the Wellpath staff or other unidentified individuals collectively, he may not do so. Only individuals personally involved in violating Mr. Grady's rights may be held liable, and the complaint does not sufficiently delineate who did what or when they did it. *See e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."); *see also Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Thus, although he was granted an opportunity to clarify his allegations, Mr. Grady's amended complaint still fails to state any claims, so it will be dismissed. *See e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."); *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

For these reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A because the amended complaint fails to state any claims for which relief can be granted.

SO ORDERED.

May 8, 2024                                             *s/ Damon R. Leichty*
                                                        Judge, United States District Court